

Baker & McKenzie LLP

Two Embarcadero Center, Suite 1100
San Francisco, CA 94111
United States

Tel: +1 415 576 3000
Fax: +1 415 576 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

July 27, 2023

**Via Certified Mail and Email**
ed.wegel@globalxair.com
ryan.goepel@globalxair.com
david.dow@globalxair.com

**Ed Wegel**
Chief Executive Officer
**Ryan Goepel**
Chief Financial Officer
**David Dow**
Vice President of Sales
Global Crossing Airlines Group, Inc.
4200 NW 36th Street, Building 5A
Miami, FL 33166

Re:   Short's Travel Management, Inc. / Ryan Dohmen

All:

I am writing on behalf of my client, Short's Travel Management, Inc. ("Short's Travel"). We understand that Global Crossing Airlines Group, Inc. ("GlobalX") recently appointed Top Flight Charters, led by Ryan Dohmen, as its exclusive collegiate sports charter broker. As you know, Mr. Dohmen is a former employee of Short's Travel. The purpose of this letter is to remind you of the continuing obligations that Mr. Dohmen owes to Short's Travel, and his continuing violation of these obligations.

On June 1, 2004, Mr. Dohmen signed Short Travel's Confidentiality and Noncompetition Agreement (the "Agreement"), attached as **Exhibit A**. In doing so, Mr. Dohmen agreed that for a period of twenty-four (24) months following his termination on February 17, 2023, he would not solicit, either directly or indirectly, any current or former customer of Short's Travel. As part of this agreement, Mr. Dohmen further agreed that he would not solicit any such customers on behalf of himself or any other person, firm, company, or corporation, or in any other capacity.

Moreover, Mr. Dohmen acknowledged that during his employment with Short's Travel, he obtained access to Short Travel's trade secret and confidential information including, but not limited to, Short's Travel sales systems, sales methods, pricing, bidding and costs, identity of clients, location, system and service requirements, and charges. Mr. Dohmen also agreed that for a period of twenty-four (24) months following his termination, he would not use, communicate, reveal, or otherwise make available such trade secret and confidential information for any purpose whatsoever.



It has come to our attention—which GlobalX has confirmed—that Mr. Dohmen is soliciting, communicating, and working with Short's Travel's clients by quoting GlobalX through other various brokers. In fact, we are aware that Mr. Dohmen has been soliciting the University of Connecticut, which is a customer of Short's Travel, for the benefit of GlobalX, in contravention of his Agreement with Short's Travel. Even more, we are aware that Mr. Dohmen also solicited and communicated with Anthony Travel, LLC ("Anthony"), another client of Short's Travel. Given that Anthony is also a customer of Short's Travel, Mr. Dohmen is prohibited from soliciting, and quoting other customers to Anthony, such as the University of Connecticut, for the benefit of GlobalX, or otherwise.

Mr. Dohmen's role and activities with GlobalX, and his contact with Short's Travel's customers by providing quotes, violate the Agreement's provisions regarding the non-solicitation of Short's Travel's customers. Short's Travel is also concerned that in his interactions with customers, Mr. Dohmen is using Short's Travel confidential and trade secret information which he gained while employed at Short's Travel.

Short's Travel requires that Mr. Dohmen, like all other former employees, comply with their contractual obligations, as well as any applicable statutory and common law obligations. The violations of Mr. Dohmen's Agreement with Short's Travel are serious, and as you know, we have sent a similar letter to Mr. Dohmen apprising him of his ongoing obligations to Short's Travel. Short's Travel takes former employees' compliance with their contractual obligations very seriously, and reserves its rights to pursue legal action against GlobalX and Mr. Dohmen for any future violations as well as any wrongful conduct that has already occurred.

To further ensure that Mr. Dohmen does not expose GlobalX to liability, you should be aware of his obligations and advise him of the potential ramifications of any breach of the obligations. To the extent Mr. Dohmen has wrongfully disclosed any confidential or trade secret information regarding Short's Travel, or wrongfully solicited Short's Travel's former and current customers, you must immediately inform us.

I am sure you are aware of the liability GlobalX could face should Mr. Dohmen continue to breach his obligations to Short's Travel on GlobalX's behalf. Because of the possibility of legal action, you must take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications, work product and documents relevant to this matter, including by way of example and without limitation, emails, text messages, social media posts, voicemails, records, files, and other data, wherever located and regardless of the format or media.

Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of Short's Travel's rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved. Short's Travel reserves all of its rights.



I appreciate your prompt attention to this matter.

Very truly yours,

Michael E. Brewer
Partner

+1 415 576 3026
Michael.Brewer@bakermckenzie.com

Encl.

# EXHIBIT A

# Confidentiality and Noncompetition Agreement

THIS AGREEMENT is entered into by and between Short's Travel Management, Inc. (the "Employer"), and  Ryan A. Dohmen (the "Employee"), as follows:

1. Employee acknowledges that Employer is in the business of providing complete travel services for business and recreational purposes. Employer has developed unique methods, systems and procedures that have allowed Employer to attract and retain individual, institutional and corporate clients for business and recreational travel and related services. By its very nature, the information acquired by Employee in the conduct of the business of the Employer must remain confidential in order to maintain the integrity of the methods, systems and procedures used. It is also paramount in safeguarding the confidence of Employer's clients. Specifically, Employee acknowledges that the identity and particular needs of Employer's clients are not generally known. Employer, therefore, has a proprietary interest in its clients and the methods, systems and   procedures used for such clients, including any documents and other information regarding the system, sales methods, pricing, bidding and costs, and including, but not limited to the identity of clients, location, system and service requirements, and charges, all of which are regarded as being highly confidential, and constitute trade secrets.

2. During Employee's employment, it is understood that Employee will have access to, and will become familiar with various trade secrets and confidential information, including but not limited to the information described in paragraph 1 above. Employee acknowledges that such confidential information and trade secrets are owned, and shall continue to be owned, solely by Employer. During the term of Employee's employment, and for twenty-four (24) months after such employment terminates for any reason, regardless of whether termination is initiated by the Employer or by the Employees, Employee agrees not to use, communicate, reveal, or otherwise make available such information for any purpose whatsoever, or to divulge such information to any person, partnership, corporation or entity other than Employer or persons expressly designated by Employer, unless such Employee is compelled to disclose it by judicial process. In addition, Employee shall not remove from Employer's office any of Employer's books, records, documents, or customer lists, or any copies of such documents without the Employer's prior written consent, and Employee shall not make any copies of such books, records, documents, or customer lists, for use outside of Employer's office, except that specifically authorized in writing by Employer.

3. Upon the termination or expiration of Employee's employment, regardless of whether the termination was initiated by Employer or Employee, for a period of time equal to twenty-four (24) months, the Employee will not directly or indirectly solicit any person, company, firm or corporation who is or was a customer of Employer during a period of (2) years prior to the termination of employment. Employee agrees not to

solicit such clients on behalf of himself or any other person, firm, company, or corporation, or in any other capacity.

4. Employee acknowledges that compliance with this agreement is necessary to protect the Employer's business and good will, and that a breach of this agreement will irreparably and continually damage the Employer. Consequently, Employee agrees that, in the event of a breach or threatened breach of any part of this agreement, Employer shall be entitled to obtain a preliminary or permanent injunction in order to prevent the continuation of such harm. Employer shall, in addition, have any other remedy, which may be available to it by law, including the right to recover reasonable costs and attorneys' fees in enforcing the provisions of this agreement.

5. This agreement is entered into at the time of employment, and Employer states it is relying on the conditions established in this agreement, and Employee acknowledges that without this agreement, employment that allows Employee access to trade secrets and confidential information would not be offered to Employee.

DATED this __1__ day of __June__ __2004__,

By: _____
(Signature of Employee)

__Ryan Dohmen__
(Printed Name)

Employer: _____
(Signature of Employer)

__Susan Rice, VP HR__
(Printed Name)

Short's Travel Management, Inc.-Employer